IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| VANESSA GERMINARO, an Individual; RG▮▮▮▮▮▮ A Minor, by and through his Mother and Next Friend, ANNA GERMINARO; DR▮▮▮▮▮▮ A Minor, by and through her Father and Next Friend, FREDRICO RODRIGUEZ, NG▮▮▮▮▮ a Minor, by and through his Mother and Next Friend RITA NENNIS;<br><br>Plaintiffs,<br><br>v.<br><br>RANDY NULL, an individual; OUTWEST EXPRESS LLC; ALFA MUTUAL INSURANCE COMPANY;<br><br>Defendants. | ))))))))))))))))))))) CIVIL ACTION NO.: 3:22-cv-115 |

RECEIVED MAR -7 2022
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

## NOTICE OF REMOVAL

COME NOW Defendants Randy Null (hereinafter "Null"), Outwest Express, LLC (hereinafter "Outwest"), and ALFA Mutual Insurance Company (hereinafter "ALFA") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby remove this action filed by Plaintiffs in the Circuit Court of Macon County, Alabama to the United States District Court for the Middle District of Alabama. In support of this Notice, Defendants show the following:

## I.  PROCEDURAL BACKGROUND

1. Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a).

2. This action was commenced by Plaintiffs on February 4, 2022, in the Circuit Court of Macon County, Alabama, Case No. 22-CV-900009. The documents attached hereto as **Exhibit A** constitute all of the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

3. Defendant Null was served with process by certified mail on February 10, 2022. Defendant Outwest was served with process by certified mail on February 6, 2022.

4. This Notice of Removal is filed in the United States District Court for the Middle District of Alabama, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. § 1441(b).

5. This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

6. Promptly after the filing of this Notice, Defendant Outwest is filing a copy with the Clerk of the Circuit Court for Macon County, Alabama as required by 28 U.S.C. § 1446(d).

## II. DIVERSITY OF THE PARTIES

7. For purposes of diversity jurisdiction, citizenship of the parties is determined as of the time the complaint is filed. *Harris v. Garner*, 216 F.3d 970, 983 (11th Cir. 2000) (quoting and citing *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991); *Wichita R.R. & Light Co. v. Public Utilities Comm'n of Kansas*, 260 U.S. 48, 54 (1922)).

8. An individual, for diversity jurisdiction purposes, is a citizen of a State if he or she is a citizen of the United States and a domiciliary of that State. *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). Domicile is determined by two factors: residence and intent to remain. *Id.; Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984).

9. A corporation, for diversity jurisdiction purposes, is deemed to be a citizen of both its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). *See also Annon Consulting, Inc. v. Bionitrogen Holdings Corp.*, 2016 U.S. App. LEXIS 9695, at *3 (11th Cir., May 27, 2016). In practice, this should normally be where the corporation maintains its headquarters. *Id.*

10. Plaintiffs are all citizens of the State of Alabama. Plaintiff Vanessa Germinaro is, on information and belief, a United States citizen and resides in Mobile County, Alabama. (Compl. ¶ 1). Plaintiff RG▮▮▮▮ is, on information and belief, a United States citizen and also resides in Mobile County, Alabama. (Compl. ¶ 2). Plaintiff DR▮▮▮▮ is, on information and belief, a United States citizen who also resides in Mobile County, Alabama. (Compl. ¶ 3). Lastly, Plaintiff NG▮▮▮ is also, on information and belief, a United States citizen who resides in Mobile County, Alabama. (Compl. ¶ 4).

11. Defendant Null is a United States citizen who resides in Tangipahoa Parish, Louisiana.

12. Defendant Outwest is a company incorporated and operating under the laws of Texas. The company's principal place of business is located in El Paso, Texas. Thus, Defendant Outwest is a citizen of the State of Texas and not a resident citizen of the State of Alabama.

13. Although the Complaint names Plaintiff Germinaro's uninsured/underinsured motorist insurer, Alfa Mutual Insurance Company (hereinafter "Alfa") as a defendant, it is well settled in this Circuit that a UM/UIM carrier is a nominal party whose citizenship does not destroy diversity. *See Toole v. Chupp*, 456 F. Supp. 2d 1218, 1222 (M.D. Ala. 2006) (denying Plaintiff's Motion to Remand, the Court held that a "plaintiff should not be able to defeat diversity

4

jurisdiction by adding an uninsured motorist carrier that is playing only a nominal role); *see also Broyles v. Bayless*, 878 F.2d 1400, 1401 (11th Cir. 1989) (determining that defendant uninsured motorist carrier was not a real party in interest for purposes of determining diversity as its liability is contingent and indirect). As in *Broyles*,

> Although an uninsured motorist carrier is given the option to defend in its own name, rarely will such an event occur if there is a jury trial. Unless this rarity occurs and is coupled with substantial participation during trial, an insurance company's citizenship should not be considered for diversity purposes. Considering the residency of a largely invisible uninsured motorist carrier would not serve the claimed purpose of diversity which is to prevent local prejudice.

*Broyles*, 878 F.2d at 1405-06. Here, similar to in the *Broyles* case, the essential nature of the present proceeding is an action in tort between diverse citizens for the recovery of injuries sustained in an automobile accident, and, if Outwest and Null successfully defend themselves, Alfa will escape any financial obligations to Plaintiffs. *See Id*.

14. Thus, in line with this Court's well-established precedent and based on the state of the case at the time of removal, Alfa is a nominal party whose citizenship does not destroy diversity jurisdiction.

15. Therefore, complete diversity of citizenship exists between Plaintiffs and the essential Defendants in this case. Further, Defendant Alfa consents to this Removal Notice evidenced by counsel's signature on this filing.

16. Citizenship of the fictitious defendants should be ignored for the

purposes of Removal. 28 U.S.C. § 1441(a).

### III. THE AMOUNT IN CONTROVERSY

17. In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The Eleventh Circuit recently provided a step-by-step analysis of the evaluation of the proof of the amount in controversy to establish jurisdiction in Federal District Courts. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). In *Pretka*, the Court first noted that the amount in controversy requirement of removal was "created by Congress to protect defendants." *Pretka*, at 766 (citation omitted). The Eleventh Circuit notes that in a case "where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka* at 752 (citations omitted). When a court is presented with evidence that speaks to the potential amount in controversy, it should consider that evidence in the logical context of the plaintiff's claims, and not in a procedural vacuum. Applying reasonable deductions, reasonable inferences or other reasonable extrapolations to jurisdictional evidence "is not akin to conjecture, speculation or stargazing." *Pretka* at 754. In fact, Courts are free to consider a wide variety of evidence when addressing whether the amount in controversy satisfies the jurisdictional threshold:

> Beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy – either interrogatories

obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward. This roughly parallels a plaintiff's right, under Fed.R.Civ.P. 10(c), to make 'a copy of a written instrument that is an exhibit to a pleading... a part of the pleading for all purposes.' No court of appeals decision ... holds that a defendant may not submit its own evidence in order to satisfy the jurisdictional requirements of removal, and we conclude that the defendant can.

*Pretka* at 756. Indeed, Courts are free to consider any "summary-judgment-type evidence." *Id.*

18. Here, Plaintiffs' Complaint alleges that, as a direct and proximate consequence of the conduct of Defendants, Plaintiff Vanessa Germinaro was caused to suffer physical injuries and damages, including, but not limited to:

a. severe burns to her arms and hands requiring medical treatment and care;

b. bruises and contusions to her body, also requiring medical treatment and care;

c. pain and suffering, which she continues to experience and will experience in the future;

d. medical bills, costs, and expenses, which she has incurred and will continue to incur in the future;

e. out-of-pocket medical costs and expenses;

f. out-of-pocket, non-medical expenses;

g. property damage and loss;

h. lost wages and lost or diminished income;

  i. lost or diminished enjoyment of life; and

  j. inconvenience, mental anguish and emotional distress.

(Compl. at ¶¶ 15, 22).

  19. Plaintiffs' Complaint alleges that as a result of the crash, minor plaintiff RG ████ sustained physical injuries and damages, including but not limited to:

  a. injuries to his neck and shoulder;

  b. bruises, lacerations, and contusion to his body;

  c. pain and suffering, which he continues to experience and will experience in the future;

  d. medical bills, costs, and expenses, which Plaintiff has incurred and will continue to incur in the future;

  e. out-of-pocket medical costs and expenses;

  f. out-of-pocket, non-medical expenses;

  g. lost or diminished enjoyment of life;

  h. inconvenience, mental anguish and emotional distress.

(Compl. at ¶¶ 16, 23).

  20. Further, the Complaint alleges that as a result of the crash, minor Plaintiff DR ████ sustained physical injuries and damages, including, but not limited to:

    a.    head injury;

    b.    severe burns to her legs and knees;

    c.    lacerations, bruises, and contusions to her body;

    d.    pain and suffering, which she continues to experience and will experience in the future;

    e.    medical bills, costs, and expenses, which she has incurred and will continue to incur in the future;

    f.    out-of-pocket medical costs and expenses;

    g.    out-of-pocket, non-medical expenses

    h.    lost or diminished enjoyment of life;

    i.    inconvenience, mental anguish, and emotional distress.

(Compl. at ¶¶ 17, 25).

21. Lastly, as to the final minor plaintiff, NG█████ the Complaint alleges that he too sustained physical injuries and damages as a result of the crash, including but not limited to:

    a.    severe burns to his body;

    b.    lacerations, bruises, and contusions to his body;

    c.    pain and suffering, which he continues to experience and will experience in the future;

    d.    medical bills, costs, and expenses, which he has incurred and will

continue to incur in the future;

 e. out-of-pocket medical costs and expenses;

 f. out-of-pocket, non-medical expenses;

 g. inconvenience, mental anguish and emotional distress.

(Compl. at ¶¶ 18, 24).

22. Plaintiffs allege that their injuries were caused due to the negligence or wrongful conduct of Defendants. (Compl. at ¶ 27). Plaintiffs also advance additional claims of negligence *per se*, wantonness, respondeat superior and agency, negligent/wanton entrustment, and underinsured motorist (UIM) benefits. (Compl. at Counts One through Six).

23. Plaintiffs' Complaint further seeks "general and compensatory damages as well as special and punitive damages as the court may determine, together with interest from the date of the injury plus the costs of this action." (Compl. *ad dandum* clause following ¶ 61).

24. The specific amount in controversy is unclear because Plaintiffs do not list a specific amount in their Complaint. However, their Complaint clearly seeks the recovery of punitive damages in addition to compensatory damages and claims Plaintiffs have sustained injuries and will continue to incur expenses from those injuries, both physical and mental.

25. According to recent decisions in the Northern District of Alabama,

Plaintiffs' Complaint, which asserts claims of negligence and wantonness and alleges physical, emotional and economic damages, on its face establishes the requisite amount in controversy. *See Bush v. Winn Dixie Montgomery, LLC*, 132 F.Supp.3d 1317, 1318-1322 (N.D. Ala., 2015) (granting plaintiff's motion to remand, holding that the defendant failed to timely remove within thirty (30) days of receipt of plaintiff's summons and complaint where complaint contained a wantonness claim and alleged significant personal injuries, though it did not contain a quantified amount of damages being sought); *Green v. Wal-Mart Stores East, L.P.*, 2014 U.S. Dist. LEXIS 166805, *2 (N.D. Ala. Dec. 2, 2014) ("In her complaint, [plaintiff] alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. ... Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000."); *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that plaintiffs "who want to pursue claims against diverse parties in state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that the plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court...").

26. In *Bush, supra,* this Court granted the plaintiff's motion to remand, holding that the defendant failed to timely file its removal notice within thirty (30) days of receipt of plaintiff's summons and complaint. *See Bush,* 132 F.Supp.3d at 1321-1322. Despite the fact the Complaint contained no *ad damnum* clause and failed to specify the alleged body parts that were injured as a result of the complained of incident, the Court noted that "the Eleventh Circuit…has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id.* at 1318. In *Bush*, Judge Acker further opined, "This new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an ad damnum clause." *Id.* at 1318-1319. "This court has since 2010 reversed course and held that a plaintiff like Bush who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id.* at 1319 (citing *Smith,* 868 F.Supp.2d 1333 (N.D. Ala. 2012)).

27. In the present case, Defendants deny liability to Plaintiffs in any amount, but do not dispute that the amount in controversy exceeds $75,000.00.

28. Based upon the above-cited authorities, it is facially apparent from

Plaintiffs' Complaint that the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010).

29. Further, based upon the nature of all four (4) Plaintiffs' alleged injuries, the damages claimed in Plaintiffs' Complaint, and Alabama law governing punitive damages, the amount in controversy in this matter clearly exceeds the $75,000 threshold required for jurisdiction in this court. *See Tapscott v. MSDealers Service Corporation*, 77 F.3d 1353, 1356 (11th Cir. 1996).[1]

30. Lastly, the fact that Plaintiffs have named Plaintiff Germinario's UIM carrier evidences that Plaintiffs believe their claims potentially exceed the limits of Defendants' policy.

## IV. CONCLUSION

31. Defendants have satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy, and removal is therefore proper. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendants pray this cause, now pending before the Circuit Court of Macon County, Alabama, be removed to the United States District Court for the Middle District of Alabama.

---

[1] The Defendants do not admit that they are liable to the Plaintiffs or that the Plaintiffs' damages exceed $75,000.00, exclusive of interest and costs. Rather, the preponderance of the evidence shows that the amount in controversy more likely than not exceeds the jurisdictional amount.

Respectfully submitted this the 4th day of March, 2022.

/s/ Brett A. Ross

Brett A. Ross     asb-6771-o76b
Mark M. Ogren     asb-2080-s12s
Attorneys for Defendants Null and Outwest

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
Email: bross@carrallison.com
        epittman@carrallison.com

/s/ *David W. Henderson* (with Permission)
David W. Henderson
Attorney for Defendant ALFA Mutual Insurance Company

**OF COUNSEL**

**HILL HILL CARTER FRANCO COLE & BLACK P.C.**
435 South Perry Street
Montgomery, AL 36104
Telephone: (334)-386-4351
Facsimile: (334)-386-4352
dwhenderson@hillhillcarter.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March 2022, I have served a true and correct copy of the above and foregoing Notice of Removal on counsel for all represented parties by:

\_\_\_\_\_ Facsimile transmission;
\_\_\_\_\_ Hand Delivery;
\_\_\_\_\_ Email;
_X_ Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
\_\_\_\_\_ Using the Alafile or CM/ECF system which will send notifications of such to the following:

Erby Fischer
Morgan & Morgan Birmingham PLLC
2317 3rd Avenue North
Birmingham, AL 35203

_____
OF COUNSEL