ELECTRONICALLY FILED
2/4/2022 11:41 AM
46-CV-2022-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| VANESSA GERMINARO an Individual; RG         A Minor, by and through his Mother and Next Friend, ANNA GERMINARO; DR         A Minor, by and through her Father and Next Friend, FREDRICO RODRIGUEZ, NG    a Minor, by and through his Mother and Next Friend RITA NENNIS; <br><br> Plaintiffs, <br><br> vs. <br><br> RANDY NULL, an individual; OUTWEST EXPRESS LLC; ALFA MUTUAL INSURANCE COMPANY; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>CIVIL ACTION NO. |

FICTITIOUS DEFENDANTS: **No. 1,** whether singular or plural, the driver of the motor vehicle which collided with Plaintiff's vehicle and whose negligence caused the Plaintiff's injuries on the occasion made the basis of this suit; **No. 2,** whether singular or plural, the owner of the motor vehicle which collided with Plaintiff's vehicle on the occasion made the basis of this suit; **No. 3,** whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle which collided with Plaintiff's vehicle on the occasion made the basis of this suit; **No. 4,** whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No. 5,** whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 6,** whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 7,** whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 8,** whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence

made the basis of this lawsuit; **No. 9**, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; **No. 10**, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 12**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 13**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 15**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 16**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 17**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which provided workers compensation benefits to Plaintiff and/or on her behalf as a result of the incident made the basis of this Complaint. **No. 20**, whether singular or plural, that individual, establishment, or entity who provided, sold, procured and/or made available any and/or all alcohol and/or any substances consumed by Defendant Pulliam in the 24 hours before the incident made the basis of this Complaint. Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained],

     Defendants.              )

---

## COMPLAINT

---

## <u>STATEMENT OF THE PARTIES</u>

1.      Plaintiff, VANESSA GERMINARO, is a resident of Irvington, (Mobile County), Alabama, and is over nineteen (19) years of age.

2.      RG ███████ is a minor under the age of nineteen (19) years who sustained serious injuries and damages in a motor vehicle collision on July 22, 2021, in Macon County, Alabama. RG ████████ brings this action by and through his Mother and Next Friend, ANNA GERMINARO, who is over the age of nineteen (19) years and is a resident of Mobile County, Alabama.

3.      DR █████████ is a minor under the age of nineteen (19) years who sustained serious injuries and damages in a motor vehicle collision on July 22, 2021, in Macon County, Alabama. DR █████████ brings this action by and through her Father and Next Friend, FREDRICO RODRIGUEZ, who is over the age of nineteen (19) years and is a resident of Mobile County, Alabama.

4.      NG ███ is a minor under the age of nineteen (19) years who sustained serious injuries and damages in a motor vehicle collision on July 22, 2021, in Macon County, Alabama. NG █████ brings this action by and through his Mother and Next Friend, RITA NENNIS, who is over the age of nineteen (19) years and is a resident of Mobile County, Alabama.

5.    Defendant RANDY NULL ("Defendant NULL") is, upon information and belief, over the age of (19) years and is a resident of Loranger, Tangipahoa Parish, Louisiana.

6.    Defendant OUTWEST EXPRESS, LLC ("OUTWEST EXPRESS, LLC") is, upon information and belief, a foreign limited liability company with its principal place of business located in El Paso, Texas, and was doing business within the State of Alabama on July 22, 2021. Upon information and belief, Defendant NULL was the agent, servant or employee of Defendant OUTWEST EXPRESS, LLC, and was acting within the line and scope of his agency, service and/or employment at all times relevant hereto such that Defendant OUTWEST EXPRESS, LLC is vicariously liable for the negligent, reckless, wanton or otherwise wrongful conduct of the Defendant NULL.

7.    Defendant ALFA MUTUAL INSURANCE COMPANY ("ALFA") is a domestic corporation with its principal place of business in Montgomery, Alabama, and doing business by agent or employee throughout the State of Alabama, including Macon County, Alabama.    At all times relevant hereto, ALFA provided uninsured/underinsured motorist coverage for the vehicle operated by Plaintiff VANESSA GERMINARO, and in which NG          RG          and DR          were passenger on the July 22, 2021.

8.    Fictitious Party Defendants 1 through 20, whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the Plaintiff's respective injuries, as described in the caption of this Complaint, all of whose true and correct names are unknown to Plaintiff

at this time but will be substituted by amendment when ascertained.

## STATEMENT OF JURSIDICTION AND VENUE

9.      This Court has personal jurisdiction over Defendant NULL in that he was operating a 2018 Kenworth T680 tractor and trailer in Macon County, Alabama, on July 22, 2021.

10.     This Court has personal jurisdiction over Defendant OUTWEST EXPRESS, LLC in that it owned a 2018 Kenworth T680 tractor and trailer that was operating in Macon County, Alabama, on July 22, 2021.

11.     This Court has personal jurisdiction over Defendant ALFA in that it was doing business throughout the State of Alabama, and including Macon County, Alabama, on July 22, 2021.

## STATEMENT OF FACTS

12. On July 22, 2021, Plaintiff VANESSA GERMINARO was traveling northbound in the right hand lane of Interstate 85 near Mile Post 20.8 in Macon County, Alabama.  RG ███████ DR███████████████ and NG█████ were passengers in the vehicle being driven by Vanessa Germinaro.

13. At that same date and time, Defendant NULL was also traveling northbound in the left hand lane of Interstate 85 near Mile Post 20.8 in Macon County, Alabama.

14. As      Plaintiff      lawfully      proceeded      down Interstate 85 in Macon County, Alabama, Defendant NULL entered into Plaintiffs' lane of travel, causing his vehicle to collide with Plaintiff GERMINARO vehicle.

15. As a result of the crash, Plaintiff VANESSA GERMINARO sustained physical injuries and damages, including, but not limited to, severe burns to her arms, bruises and contusions to the body. Plaintiff VANESSA GERMINARO was also forced to miss time off work, in addition to suffering inconvenience, medical costs and expenses, out-of-pocket costs, and mental anguish and emotional distress.

16. As a result of the crash, minor plaintiff, RG ███████ sustained physical injuries and damages, including, but not limited to, injuries to his neck and shoulder, bruises, lacerations and contusions to his body, in addition to suffering inconvenience, medical costs and expenses, out-of-pocket costs, and mental anguish and emotional distress.

17. As a result of the crash, minor plaintiff, DR ████████████ sustained physical injuries and damages, including, but not limited to, head injury, severe burns to her legs and knees, bruises and contusions to her body, in addition to suffering inconvenience, medical costs and expenses, out-of-pocket costs, and mental anguish and emotional distress.

18. As a result of the crash, minor plaintiff, NG █████ sustained physical injuries and damages, including, but not limited to, severe burns to his body, bruises and contusions to his body, in addition to suffering inconvenience, medical costs and expenses, out-of-pocket costs, and mental anguish and emotional distress.

## COUNT ONE - NEGLIGENCE

19.     Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forthherein.

20.     At all times relevant hereto, Defendant NULL owed the motoring public, includingthe Plaintiff, certain duties of care, including:

a.      The duty to operate his vehicle in a safe manner;

b.      The duty to keep a proper lookout for other motorists;

c.      The duty to obey the Alabama Rules of the Road.

21.     On July 22, 2021, Defendant NULL, negligently caused or allowed the motor vehicle he was operating to collide with the vehicle being operated by Plaintiff GERMINARO, and in which NG ███████ RG ███████ AND DR ███████ were passengers.

22.     As a proximate consequence of the negligence of the Defendant NULL, Plaintiff, VANESSA GERMINARO, was injured and damaged as follows:

a.      Severe burns to her arms and hands, contusions to body, all requiring medical treatment and care;

b.      Pain and suffering, which Plaintiff continues to experience and will experience in the future;

c.      Medical bills, costs, and expenses, which Plaintiff hasincurred and will continue to incur in the future;

d.      Out-of-pocket medical costs and expenses;

e.     Out-of-pocket, non-medical expenses;

f.     Property damage and loss;

g.     Lost wages and lost or diminished income;

h.     Lost or diminished enjoyment of life; and,

i.     Inconvenience, mental anguish, and emotional distress.

23.     As a proximate consequence of the negligence of the Defendant NULL, Plaintiff, RG          was injured and damaged as follows:

a.     Injuries to his neck and shoulder, bruises, lacerations and contusions to his body,, all requiring medical treatment and care;

b.     Pain and suffering, which Plaintiff continues to experience and will experience in the future;

c.     Medical bills, costs, and expenses, which Plaintiff has incurred and will continue to incur in the future;

d.     Out-of-pocket medical costs and expenses;

e.     Out-of-pocket, non-medical expenses;

f.     Lost or diminished enjoyment of life; and,

g.     Inconvenience, mental anguish, and emotional distress.

24.     As a proximate consequence of the negligence of the Defendant NULL, Plaintiff, NG        was injured and damaged as follows:

a.     Severe burns to his body, lacerations, bruising and contusions to his body, all requiring medical treatment and care;

b.      Pain and suffering, which Plaintiff continues to experience and will experience in the future;

c.      Medical bills, costs, and expenses, which Plaintiff has incurred and will continue to incur in the future;

d.      Out-of-pocket medical costs and expenses;

e.      Out-of-pocket, non-medical expenses;

f.      Lost or diminished enjoyment of life; and,

g.      Inconvenience, mental anguish, and emotional distress.

25.     As a proximate consequence of the negligence of the Defendant NULL, Plaintiff, DR███████████████ was injured and damaged as follows:

a.       Severe burns to her legs and knees, head injury, lacerations, bruises and contusions to her body, all requiring medical treatment and care;

b.      Pain and suffering, which Plaintiff continues to experience and will experience in the future;

c.      Medical bills, costs, and expenses, which Plaintiff has incurred and will continue to incur in the future;

d.      Out-of-pocket medical costs and expenses;

e.      Out-of-pocket, non-medical expenses;

f.      Lost or diminished enjoyment of life; and,

g.      Inconvenience, mental anguish, and emotional distress.


26.     At all times relevant hereto, Defendant NULL was the agent, servant, or

employeeof Defendant OUTWEST EXPRESS, LLC, and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant OUTWEST EXPRESS, LLC is vicariously liable for the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant NULL.

27.     The negligence of Defendant NULL combined and concurred with the negligence or wrongful conduct of all other named and fictitious defendants, causing Plaintiffto be injured and damaged as a proximate result.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demands judgment againstthe defendants, jointly and severally, for compensatory damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT TWO – NEGLIGENCE *PER SE*

28.     At the time of the collision made the basis of this lawsuit, Defendant NULL was operating his vehicle in violation of several of Alabama's Rules of the Road, including, without limitation, Alabama Code §§ 32-5A-88.

29.     Defendant NULL' violation of the above-listed Alabama statutes mandates constitutes negligence *per se*.

30.     As a proximate consequence of the negligence *per se* of Defendant NULL, Plaintiffs was injured and damaged as set forth in paragraphs 13-16 above and incorporated herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against

the defendants, jointly and severally, for compensatory damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT THREE – WANTONNESS

31.     Plaintiffs re-allege all prior paragraphs of this Complaint as if fully set forth herein.

32.     On July 22, 2021, Defendant NULL, wantonly and/or recklessly caused or allowed the motor vehicle he was operating to collide with the motor vehicle being operated by Plaintiff GERMINARO when he unlawfully failed to keep a proper lookout, causing a collision with Plaintiff GERMINARO.

33.     As a proximate consequence of the wantonness of Defendant NULL, Plaintiffs were injured and damaged as set forth in paragraphs 15-18 above and incorporated herein.

34.     At all times relevant hereto, Defendant NULL was the agent, servant, or employee of Defendant OUTWEST EXPRESS, LLC, and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant OUTWEST EXPRESS, LLC is vicariously liable for the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant NULL.

35.     Plaintiffs demand punitive damages of the Defendants, jointly and severally, as a result of their respective wanton conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against

the defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

## COUNT FOUR - RESPONDEAT SUPERIOR AND AGENCY

36.    Plaintiffs re-allege all prior paragraphs of this Complaint as if fully set forth herein.

37.    Plaintiffs aver and allege that Defendant NULL was the agent, servant or employee of Defendant OUTWEST EXPRESS, LLC and was acting within the line and scope of such agency, service or employment at the time of the accident on July 22, 2021, and consequently, Defendant OUTWEST EXPRESS, LLC, is liable for any negligent and/or wanton acts committed by Defendant NULL while he was acting within the line and scope of his employment.

38.    Defendant NULL negligently and/or wantonly caused or allowed the motor vehicle he was operating on the occasion made the basis of this lawsuit to collide with Plaintiff's vehicle.

39.    As a proximate consequence of the negligence, recklessness, and/or wantonness of Defendant NULL, by and through the theories of respondeat superior and agency, Plaintiffs were injured and damaged as described in paragraphs 15-18 above and incorporated herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, together with interest from the date of the injury

plus the costs of this action.

## COUNT FIVE – NEGLIGENT/WANTON ENTRUSTMENT

40.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forthfully herein.

41.     On July 22, 2021, in Macon County, Alabama, Defendant NULL negligently, recklessly, and/or wantonly failed to maintain his vehicle in a single lane of travel, failedto maintain control of his vehicle, and/or failed to keep a proper lookout on the roadway, thereby causing or allowing the vehicle he was operating to violently crash into the vehicle being operated by Plaintiff, GERMINARO, and in which Plaintiffs RG ██████████ NG███████ AND DR█████████████ were passengers, resulting in the injuries and damages to VANESSA GERMINARO, RG████████████ NG███████ and DR█████████████

42.     Upon information and belief, Defendant OUTWEST EXPRESS, LLC was the registered owner of the 2018 Kenworth T680 tractor and trailer involved in the collision with Plaintiff.

43.     Additionally, or in the alternative, Defendant NULL was operating the 2018 Kenworth T680 tractor and trailer at the time of this collision while in the agency, service, or employment of and/or at the direction or under the control of Defendant OUTWEST EXPRESS, LLC.

44.     Upon information and belief, Defendant OUTWEST EXPRESS, LLC negligently and/or wantonly entrusted the use of the 2018 Kenworth T680 tractor and trailer to Defendant NULL on the date made the basis of this lawsuit.

45.     Defendant OUTWEST EXPRESS, LLC knew, or by the exercise of reasonable care should have known, that Defendant NULL was incompetent to operate the 2018 Kenworth T680 tractor and trailer; and/or that Defendant NULL had a history of violating the Rules of the Road; and/or that Defendant NULL operated the 2018 Kenworth T680 tractor and trailer in an unsafe manner; and/or, based upon his driving history, was likely to operate said vehicle in a manner involving risk of harm to others.

46.     As a direct and proximate result of Defendant OUTWEST EXPRESS, LLC's negligent and/or wanton entrustment of the 2018 Kenworth T680 tractor and trailer to Defendant NULL, Plaintiffs, VANESSA GERMINARO, NG███████ RG███████ and DR███████████ were caused to be injured and damaged.

47.     At all times relevant hereto, Defendant NULL was an agent, servant and/or employee of Defendant OUTWEST EXPRESS, LLC and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant OUTWEST EXPRESS, LLC is vicariously liable for the negligent, wanton, and/or reckless conduct of Defendant NULL.

48.     The negligence, wantonness, and/or recklessness of Defendant OUTWEST EXPRESS, LLC combined and concurred with the negligence, wantonness, and/or recklessness of all other named and/or Fictitious Defendant(s), causing Plaintiffs, VANESSA GERMINARO, NG███████ RG███████ and DR███████

RODRIGUEZ, to sustain injuries and damages as a proximate result.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the named and Fictitious Defendants, jointly and severally, for damages in an amount to be determined by a struck jury, plus interest and costs.

## COUNT SIX - UNDERINSURED MOTORIST (UIM) BENEFITS

49. Plaintiff adopts and realleges all prior paragraphs of this Complaint as if set forth fully herein.

50. On or about July 22, 2021, on Interstate 85 in Macon County, Alabama, Defendant NULL caused or allowed his vehicle to enter into Plaintiff's lane of travel and crash into the 2017 Honda Accord being operated by Plaintiff Vanessa Germinaro, causing the vehicle to catch fire while Plaintiffs, Vanessa Germinaro, RG       NG and Dr       were trapped inside the burning vehicle.

51. As a direct and proximate result of the crash, Plaintiff Vanessa Germinaro was caused to suffer physical injuries and damages, medical bills and expenses, non-medical costs and expenses, financial losses and damage, pain and suffering, mental anguish and emotional distress, and other injuries, losses, and damages, as set forth in this Complaint.

52. As a direct and proximate result of the crash, **Plaintiff NG** was caused to suffer physical injuries and damages, medical bills and expenses, non-medical costs and expenses, financial losses and damage, pain and suffering, mental anguish and emotional distress, and other injuries, losses, and damages, as set forth in this Complaint.

53.     As a direct and proximate result of the crash, Plaintiff RG ▮▮▮▮ was caused to suffer physical injuries and damages, medical bills and expenses, non-medical costs and expenses, financial losses and damage, pain and suffering, mental anguish and emotional distress, and other injuries, losses, and damages, as set forth in this Complaint.

54.     As a direct and proximate result of the crash, Plaintiff Dr ▮▮▮▮ was caused to suffer physical injuries and damages, medical bills and expenses, non-medical costs and expenses, financial losses and damage, pain and suffering, mental anguish and emotional distress, and other injuries, losses, and damages, as set forth in this Complaint.

55.     At the time of the crash, Alfa Mutual Insurance Company provided underinsured motorist (UIM) coverage for Plaintiff Vanessa Germinaro under one or more policies of motor vehicle insurance issued in consideration of a premium(s) paid to Alfa.

56.     The policies of insurance with Alfa in full force and effect and all premiums were paid according to the terms of said policies at the time of the collision made the basis of this case.

57.     Further, the injuries and damages sustained by Plaintiffs are of the type and nature intended to be covered by the UIM insurance coverage issued by Defendant Alfa.

58.     Upon information and belief, Defendants Null and/or OUTWEST EXPRESS, LLC, is/are an underinsured motorist, in that Defendant Null's auto insurance coverage is insufficient to cover the damages sustained by Plaintiffs, Vanessa Germinaro, NG ▮▮▮ RG ▮▮▮ and Dr ▮▮▮▮ as set forth herein

59.     Plaintiff avers that Defendant Alfa is liable to the Plaintiffs Vanessa Germinaro, NG    RG    and Dr    for UIM benefits, in excess of Defendants Null/Outwest Express, LLC's liability limits and up to the amount of the full, stacked coverage available to the Plaintiffs, pursuant to the terms of the contract and Alabama law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against Alfa for the full, stacked, UIM benefits in an amount equal to the policy limits recoverable under ever policy provided to and/or covering the Plaintiff, along with interest and costs.

## COUNT SEVEN – FICTITIOUS DEFENDANTS

60.     Plaintiffs adopt and re-allege every material averment in Counts One through Six of this Complaint as if fully set out herein, except that Plaintiff substitutes the words "Fictitious Defendant(s) 1 - 20" for the named Defendant in Counts One through Six.

61.     Plaintiffs aver that the negligent, reckless, wanton, or otherwise wrongful conduct of Fictitious Defendant(s) 1 - 20 combined and concurred with the negligent, reckless, wanton, or otherwise wrongful conduct of the named Defendant to proximately cause Plaintiffs' injuries and damages, as set forthand described in Counts One through Six, above.

**WHEREFORE,     PREMISES     CONSIDERED,** Plaintiffs     VANESSA GERMINARO, NG    RG    and DR    

demands judgment against Defendant NULL, DEFENDANT OUTWEST EXPRESS, LLC, and/or Fictitious Defendant(s), for general and compensatory damages as well as special and punitive damages as the courtmay determine, together with interest from the date of the injury plus the costs of this action.

## JURY DEMAND

PLAINTIFFS DEMAND TRIAL BY STRUCK JURY ON ALL ISSUES IN THIS

CAUSE.

Respectfully submitted,

*/s/ Erby J. Fischer*
ERBY J. FISCHER
Attorney for Plaintiffs

**OF COUNSEL:**
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 3rd Avenue North
Birmingham, AL 35203
P: (659) 204-6364
F: (659) 204-6389
efischer@forthepeople.com

Plaintiffs' Address:
c/o Morgan & Morgan Birmingham, PLLC
2317 3rd Avenue North
Birmingham, AL 35203
P: (659) 204-6364
F: (659) 204-6389
efischer@forthepeople.com

**PLEASE SERVE THE DEFENDANT VIA CERTIFIED MAIL AT:**

RANDY NULL
21779 CHAPPEPEELA ROAD
LORANGER LA 70446

**PLEASE SERVE THE DEFENDANT VIA CERTIFIED MAIL AT:**

OUTWEST EXPRESS LLC
C/O KEMP SMITH LLP, REGISTERED AGENT
221 NORTH KANSAS, SUITE 1700
EL PASO, TEXAS 79901

**PLEASE SERVE THE DEFENDANT VIA CERTIFIED MAIL AT:**

ALFA MUTUAL INSURANCE COMPANY
C/O HERMAN ALAN SCOTT, REGISTERED AGENT
2108 EAST SOUTH BOULEVARD
MONTGOMERY, AL 36116