IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VANESSA GERMINARO, *et al.*, )<br>)<br>　Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>RANDY NULL, *et al.*, )<br>)<br>　Defendants. ) | <br><br><br><br><br>CASE NO. 3:22-cv-115-ECM<br>(WO) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Plaintiffs Vanessa Germinaro, R.G., D.R., and N.G. were in a car accident with Defendant Randy Null. The Plaintiffs sued Null and his employer, Outwest Express, LLC ("Outwest"), in state court. But importantly, they also sued Germinaro's own underinsured motorist insurer, Alfa Mutual Insurance Company ("Alfa"). The Defendants, thinking Alfa no more than a nominal party, removed the case here, arguing that this Court has diversity jurisdiction.

The Plaintiffs disagree, and now ask the Court to remand their case. And so, this case presents once again the question of just how to determine whether an underinsured motorist insurer is a nominal party. The Court finds that because Alfa is a nominal party, its citizenship should not be considered for diversity jurisdiction determination. And because this is a dispute between plaintiff citizens of Alabama and defendant citizens of

Texas and Louisiana concerning an amount greater than $75,000, the Court has diversity jurisdiction. The Plaintiffs' motion is due to be DENIED.

## II. BACKGROUND

In July 2021, the Plaintiffs were driving northbound on Interstate 85. So too was Null, in a tractor-trailer owned by Outwest. Null drifted into the Plaintiffs' lane and their vehicles collided, injuring the Plaintiffs.

The Plaintiffs sued in the Circuit Court of Macon County, Alabama, asserting various tort claims against Null and Outwest. They also sued Alfa, alleging that because Null and Outwest could not fully satisfy a judgment in the Plaintiffs' favor, they were entitled to receive benefits under Germinaro's underinsured motorist policy with Alfa.[1] A few weeks later, the Defendants removed the case here, arguing that though Alfa and the Plaintiffs were all citizens of Alabama, Alfa was merely a nominal party that should not be considered in diversity determination. In their framing, then, this case involves Alabama plaintiffs and Texas and Louisiana defendants, and so complete diversity exists, and removal is proper.[2]

After the case arrived here, Alfa filed an answer. Alfa admits that Germinaro held an underinsured motorist policy with Alfa at the time of the incident but denies that the

---

[1] The Plaintiffs also assert claims against twenty fictitious defendants, which the Court disregards. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").
[2] The Defendants also assert that the amount in controversy requirement for federal diversity jurisdiction is met. The Plaintiffs do not challenge removal on that basis.

Plaintiffs are entitled to recovery or to underinsured motorist benefits.  Alfa also asserts several affirmative defenses.

Plaintiffs then timely moved to remand this case back to state court, arguing that Alfa was not actually a nominal party, and thus that its citizenship had to be considered and that complete diversity did not exist.  Two days later, Alfa notified the Court that it was choosing to opt out of the suit.  Alfa "waive[d] the right to be present at a trial in this case and acknowledg[ed] that it will be bound by a judgment by jury on the merits of the case." (Doc. 12 at 1).[3]

## III.  DISCUSSION

Though a plaintiff is the master of her claim, her power is not plenary.  Instead, a defendant may remove from state court to federal court any "action[] that originally could have been filed" in that federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441).  Federal courts, however, are courts of limited jurisdiction— they possess only the power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Courts should presume that a case lies outside this limited jurisdiction—the burden of establishing the contrary lies with

---

[3] Alfa's Notice of Opt-Out "reserves the right to opt back into this case if circumstances change." (Doc. 12 at 1).  It appears this language converts its opt-out into a conditional opt-out, which is not permitted under Alabama law. *See Ex parte Aetna Cas. & Sur. Co.*, 708 So. 2d 156, 158 (Ala. 1998) ("[T]he trial court had no authority to allow Aetna to withdraw while reserving the option to return."); *Ex parte Alfa Mut. Ins. Co.*, 333 So. 3d 925, 928 (Ala. 2020) ("In or out—that is the only choice *Lowe* gives the insurer under either scenario.").  We accept Alfa's opt-out, however, based on the Defendants' representation that the "circumstances" referred to in the opt-out are strictly limited to the circumstances permitted by Alabama law. (Docs. 23 at 5, 27 at 5). *See Ex parte Progressive Specialty Ins. Co.*, 985 So. 2d 897, 898 (Ala. 2007) (allowing an opted-out insurer to return during settlement negotiations); *Ex parte Allstate Prop. and Cas. Ins. Co.*, 300 So. 3d 1124, 1126 (Ala. 2020) (allowing an opted-out insurer to return to demand a jury because "insurers that have opted out are not totally without means to protect their interests with respect to liability and damages").

the party asserting jurisdiction. *Id.* This burden to establish jurisdiction via a proper removal is "a heavy one." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). When a plaintiff properly moves to remand a removed case, any questions or doubts as to jurisdiction are to be resolved in favor of returning the matter to state court. *Id.* A court must evaluate its jurisdiction as of the time of removal. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

The Defendants assert that jurisdiction lies in this Court on diversity grounds. This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Jurisdiction under § 1332 requires complete diversity: every plaintiff must be diverse from every defendant. *See Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005).

Here, complete diversity appears lacking: the Plaintiffs and Defendant Alfa are all citizens of Alabama. The Defendants argue, however, that because Alfa has opted out of the litigation, is only a nominal party to the action and should not be considered for diversity purposes. A Court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). If Alfa is indeed a nominal party, then this suit is between citizens of Alabama and citizens of Texas and Louisiana, and so diversity jurisdiction (and hence, removal) is proper.

Alfa is a party to the dispute pursuant to Alabama's framework for underinsured motorist policy holders. Under Alabama law, when a plaintiff covered by an underinsured

4

motorist policy sues a motorist for damages, she can either "join as a party defendant his own liability insurer" or can merely "give it notice of" the action and the possibility of an underinsured motorist claim upon the suit's conclusion. *Lowe v. Nationwide Ins. Co.*, 521 So. 2d 1309, 1310 (Ala. 1988). If the plaintiff chooses the former, then the insurer has the right to either "participate in the trial" or to opt out of the proceedings. *Id.* No matter what the insurer chooses, it is "bound by the factfinder's decisions on the issues of liability and damages." *Id.*

The Plaintiffs here chose to join Alfa as a party defendant, leaving Alfa the choice to participate if it wished. The Defendants assert that Alfa has chosen not to participate, noting that it has opted out of the litigation. (Doc. 13 at 2). The Defendants argue that Alfa is a nominal party, and its citizenship is immaterial to a determination of complete diversity. They point out that the Plaintiffs bring no direct claim against Alfa, but rather only against Null and Outwest, and so Alfa's citizenship should be disregarded.

In support, the Defendants point to several cases where federal courts have reviewed this very issue. Those decisions built upon the Eleventh Circuit's analysis in *Broyles v. Bayless*, 878 F.2d 1400 (11th Cir. 1989). In *Broyles*, the court faced the question of when, under Tennessee law, is an underinsured motorist insurer considered a nominal party to a suit between an insured and his alleged tortfeasor. *Id.* at 1401. Pursuant to Tennessee law, the plaintiff in *Broyles* also served a copy of the suit on his uninsured motorist carrier. *Id.* The insurance carrier moved the district court to dismiss the action, arguing that since it and the plaintiff were both citizens of Tennessee, complete diversity was lacking, and the court was without jurisdiction. *Id.* The district court agreed. *Id.*

The Eleventh Circuit reversed. *Id.* at 1402. A real party in interest, the court explained, is one with "a real and substantial stake in the litigation and who exercises substantial control over the litigation." *Id.* at 1403 (citing *Navarro Sav. Ass'n*, 446 U.S. at 465). That easy determination, however, "breaks down in the area of insurance law because of the courts' historic treatment of insurance companies in tort litigation." *Id.* at 1403–04. In these tort cases, an insurance company may have a real and substantial stake in the litigation but is nevertheless "not treated as [a party] to an action involving [its] insured." *Id.* at 1404. The court observed that Tennessee law placed underinsured motorist carriers "in the same position as that of the tortfeasor's own insurer," such that their "status as a party turns on the same principles as are generally applied in liability insurance law." *Id.* at 1403. Because an insurance company typically defend its insureds "*in cognito* so as to preserve its anonymity and remain undetected by the jury," the baseline presumption should be that an insurance company is a nominal party. *Id.* at 1404 (quotations omitted).

However, that principle is not without exception. The *Broyles* court explained that insurance companies should instead be considered real parties in interest when they (1) have "become subrogated to the rights of their insured after payment of the loss," (2) are "defending actions brought directly against them," or (3) they "must assume primary and visible control of the litigation." *Id.* at 1404. The court found that no exception applied, and so held that the insurance company was just a nominal party. *Id.* at 1405–06.

Though the *Broyles* court applied Tennessee law, courts have applied the *Broyles* framework to Alabama's system many times. *See, e.g.*, *Toole v. Chupp*, 456 F. Supp. 2d 1218 (M.D. Ala. 2006) (applying for the first time the *Broyles* framework to Alabama

insurers); *Oliver v. Rodriguez*, 2008 WL 928328 (M.D. Ala. Apr. 4, 2008); *Smith v. Brazee*, 2010 WL 11614078 (N.D. Ala. Jan. 19, 2010); *Summerlin v. Nelson*, 2017 WL 2177361 (M.D. Ala. Apr. 21, 2017); *Parker v. Morton*, 2019 WL 1645207 (S.D. Ala. Apr. 16, 2019); *James v. Mejia*, 512 F. Supp. 3d 1255 (M.D. Ala. 2021); *Stevens v. Edwards*, 2022 WL 108016 (M.D. Ala. Jan. 11, 2022).

In *Toole*, after an automobile accident, the plaintiff victim and her husband, citizens of Alabama, sued the driver and the vehicle owner, citizens of Georgia, in federal court. 456 F. Supp. 2d at 1219. The plaintiff also named her Alabama underinsured motorist insurer, Alfa, as a party defendant. *Id.* Applying the same three factors discussed in *Broyles*, this Court found that Alfa, which had opted out pursuant to Alabama law at the time of removal, should not be considered a real party for diversity purposes. *Id.* at 1222. As was "apparent from the record," Alfa was not defending an action brought directly against it, but rather was a party to the dispute "for the sole purpose . . . [of] notice" of the suit. *Id.* at 1221. The insurance company would sit back as the parties "litigate[d] entirely the issue of fault, upon which any issue concerning [its] policy is contingent." *Id.* at 1222. Thus, the insurance company's limited involvement was "insufficient to take it outside the general rule that [liability insurance companies] are usually not treated as parties to an action involving their insured." *Id.* (quotations omitted) (alterations in original).

This Court applied *Toole*'s reasoning just months ago. In *Stevens*, the Court found that though Alfa (also the insurer in that case) had answered the complaint, expounded limited discovery, and filed an opt-out only after removal, Alfa was nevertheless a nominal party. 2022 WL 108016, at *4–5. This Court explained that "the analysis in *Broyles*

7

extends more broadly than just the presence, or lack thereof, of an opt-out." *Id.* at *5. Because "[n]othing Alfa did before removal overc[ame] the presumption that it is a nominal party," the Court found that status applicable. *Id.*

As in *Toole* and *Stevens*, this Court again chooses to extend the *Broyles* framework to decide the status of underinsured motorist carriers under Alabama law. As the Court stated in *Stevens*, Alabama law places "underinsured motorist carriers in a similar position" to underinsured motorist carriers in Tennessee. *Id.* at *4. Both Alabama and Tennessee allow an insurer to be named as a party to the suit, to decide the extent of its own participation, and to decide, in its discretion, to defend the suit "in the same position as that of the tortfeasor's own insurer." *Broyles*, 878 F.2d at 1403. Given insurers' similar position under Alabama and Tennessee law, this Court, as in *Broyles*, next turns to "the same principles as are generally applied in liability insurance law" to determine Alfa's status in this litigation. *Id.*

The Court begins with the presumption that Alfa's status as an underinsured motorist carrier is that of a nominal party. *See id.* at 1404. For the Court to find that presumption overcome, Alfa must have taken steps that clearly indicate it falls instead under one of the three exceptions explained in *Broyles*. It has not done so.

That is not to say Alfa has not participated here—it clearly has. It has answered the Plaintiff's state court complaint, asserted affirmative defenses, and joined the other Defendants in removing this matter. (*See* Docs. 6, 1). But the level of Alfa's participation here is much less than the cases that Plaintiffs point to in which courts have found the defendant insurers were not nominal. For example, the court in *Summerlin*, 2017 WL

8

2177361, faced the same question the Court does here.  In finding that Alfa (also the insurer in that case) was not a nominal party to the case, the court thought probative that the insurer "engaged in the litigation process" by requesting discovery, filing "a protective order for Plaintiff's medical records," and filing an answer to the complaint. *Id.* at *4; *see also James v. Mejia*, 512 F. Supp. 3d 1255, 1259 (M.D. Ala. 2021) (finding an insurer to be a real party in interest when it had, among other things, filed an answer, served the plaintiff with requests for production, and sought a medical record protective order).

Though this case presents some facial similarity with *Summerlin* or *James*, a key distinction sets it apart:  in both of those cases, the insured plaintiff brought a separate breach of contract claim *against the insurer itself*. *Summerlin*, 2017 WL 2177361, at *1; *James*, 512 F. Supp. 3d at 1256, 1259.  The Court in each case explained that the insurer could not be a nominal party because "the record indicate[d] that [the insurer was] defending an action brought directly against it." *James*, 512 F. Supp. 3d at 1259; *accord Summerlin*, 2017 WL 2177361, at *5 (explaining that due to the plaintiff's breach of contract claim, there was "a live controversy between" the plaintiff and insurer).  The *Summerlin* court agreed that the actions the insurer there undertook—answering the plaintiff's complaint, seeking a HIPAA order, requesting minimal discovery—standing alone did "*not* suggest that [the defendant insurer was] manning the litigation ship." *Summerlin*, 2017 WL 2177361, at *4 (emphasis added).  It was that those actions were taken under the light of an independent claim, rather than mere notice, that led the court to find the insurer was more than a nominal party. *Id.* at *5–6.

No such claim exists here: the Plaintiffs do not assert any direct claims against Alfa. Although Plaintiffs contend that they do assert a cause of action against Alfa for underinsured motorist coverage, (doc. 10 at 6), this claim functions as mere "notice of the filing of the action against the motorist and of the possibility of a claim under the underinsured motorist coverage at the conclusion of the trial." *Lowe*, 521 So.2d at 1310. The Plaintiffs' claim against Alfa is not like the direct cause of action for *breach* of the underinsured motorist coverage contract in *Summerlin* and *James*. The only count that mentions Alfa is Count VI for underinsured motorist benefits. (Doc. 1-1 at 15–17). If the claims against the other Defendants were to vanish, so would the "claim" against Alfa—nothing else independently sustains a conflict between Alfa and the Plaintiffs.

Alfa's participation in this litigation is more similar to, or less than, the insurers' participation in *Stevens*, *Toole*, and *Tompkins v. Craft*, 2008 WL 5381250 (M.D. Ala. Dec. 22, 2008). No plaintiff in those cases asserted any direct claim against the insurer. Instead, those plaintiffs named the insurers as "defendant[s] for the sole purpose, as required by Alabama law, of putting [them] on notice of the pendency [of] litigation and giving [them] the opportunity to participate or opt out." *Toole*, 456 F. Supp. 2d at 1221; *accord Stevens*, 2022 WL 108016, at *5; *Tompkins*, 2008 WL 5381250, at *2. Without an independent live controversy between the plaintiffs and the insurers, the court denied remand in all three cases. *Toole*, 456 F. Supp. 2d at 1222; *Stevens*, 2022 WL 108016, at *5; *Tompkins*, 2008 WL 5381250, at *2.

The Plaintiffs point out that Alfa here did not opt out until a month after the removal, two days after the Plaintiffs filed its motion to remand. (*See* Docs. 1, 10, 12). The defendant

insurers in both *Toole* and *Tompkins* had opted out of the litigation at the time of removal, *Toole*, 456 F. Supp. 2d at 1222; *Tompkins*, 2008 WL 5381250, at *2, and the insurers in *Summerlin* and *James* had not yet done so. *Summerlin*, 2017 WL 2177361, at *4; *James*, 512 F. Supp. 3d at 1260.  But as the court discussed in *Stevens*, the *Broyles* framework "extends more broadly than just the presence, or lack thereof, of an opt-out." 2022 WL 108016, at *5.  As in *Stevens*, Alfa here did nothing before removal to meet one of the three *Broyles* requirements to overcome the presumption that it is a nominal party:  Alfa (1) has not been "subrogated to the rights of [its] insured after payment of the loss," (2) is not "defending actions brought directly against [it]," and (3) has not "assume[d] primary and visible control of the litigation." *Broyles*, 878 F.2d at 1404.  The Court is not so rigid as to *require* a clear opt-out at the time of removal if the insurer does not otherwise implicate these exceptions.

## IV.  CONCLUSION

Since the Court finds Alfa a nominal party, it does not consider Alfa's citizenship for diversity purposes.  As such, this is a dispute between citizens of Alabama and citizens of Texas and Louisiana concerning an amount greater than $75,000.  Thus, diversity jurisdiction is proper, and a remand is not.

Therefore, for the reasons stated, and for good cause, it is

ORDERED that the Plaintiffs' motion to remand (doc. 10) is DENIED.  It is further

ORDERED that the Defendants' Motion for leave to file an Amended Notice of Election to Opt Out of Proceedings (doc. 25) is DENIED as moot.

DONE this 26th day of August, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE