IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VANESSA GERMINARO, *et al.*,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | CIVIL CASE NO. 3:22-cv-115-ECM |
| ) | (WO) |
| RANDY NULL, *et al.*,   ) | |
| ) | |
| Defendants.   ) | |

**O R D E R**

On April 17, 2023, the parties filed a joint motion to appoint guardians ad litem for two minor plaintiffs in this case and to set a pro ami settlement conference. (Doc. 41). Minor N.G. is represented by her mother and next friend, Rita Nennis ("Nennis"). D.R. is represented by her father and next friend, Fredrico Rodriguez ("Rodriguez"). The joint motion indicated the parties received "a mediator's proposal whereby the claims of all four plaintiffs would be settled, including the claims of the two minor plaintiffs." (*Id.* at 1). The Court granted the motion, appointed guardians ad litem for the minors, and set a pro ami settlement conference. (Doc. 43).

However, in their reports and recommendations, the guardians ad litem specified that Nennis and Rodriguez oppose the proposed settlement terms on behalf of their respective children. (Docs. 46, 47). This was the first time the Court was made aware that the parties had not agreed to the proposed settlement. In light of the procedural posture of the case, at the settlement hearing, the Court ordered the parties to address whether, absent

an agreement to settle, the appointment of guardians ad litem is permitted. The parties duly submitted responses to the Court's order. (Docs. 52, 53).

Having reviewed the parties' responses and the applicable law, the Court finds that it was not appropriate to appoint guardians ad litem at this time. Although this lawsuit is based on state-law claims of negligence and wantonness, with the Court having jurisdiction based on diversity of citizenship, "[i]t is well established that 'the appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure.'" *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (alteration adopted) (citation omitted); *see also Scannavino v. Fla. Dep't of Corr.*, 242 F.R.D. 662, 667 (M.D. Fla. 2007) ("[A] district court's decision whether to appoint a guardian ad litem is purely procedural and wholly uninformed by state law.") (citing *Gibbs v. Carnival Cruise Lines*, 314 F.3d 125, 135–36 (3d Cir. 2002), and *Burke*, 252 F.3d at 1264). Rule 17 provides: "A minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." FED. R. CIV. P. 17(c)(2). Furthermore, "[w]here it is evident that a conflict of interest exists between the [representative] and minor, . . . the district court has a duty to determine whether a guardian ad litem is needed." *Burke*, 252 F.3d at 1264.

The Court finds that guardians ad litem should not have been appointed here. There is no settlement agreement between the parties, only a mediator's settlement proposal. The minors have "duly appointed representative[s]"—namely, their parents. Finally, there is no evidence suggesting a possible conflict of interest between the minors and their

representative parents. The Defendants, however, argue there may be a conflict of interest because the parents will not accept what all the attorneys believe to be an appropriate settlement offer. But a disagreement as to the appropriate settlement provided by their attorneys is not sufficient to raise the possibility of a conflict of interest. Therefore, under Rule 17(c)(2), because the minor plaintiffs are duly represented, appointment of guardians ad litem is not appropriate at this time.

Accordingly, and for good cause, it is

ORDERED that Brandon Price-Crum and Charles James are RELEASED from their appointments as guardians ad litem.

DONE this 5th day of June, 2023.

                                              /s/ Emily C. Marks
                                        EMILY C. MARKS
                                        CHIEF UNITED STATES DISTRICT JUDGE