IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| D.R., a minor, by and through her father and next friend, FREDRIGO RODRIGUEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RANDY NULL, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL CASE NO. 3:22-cv-115-ECM |

**ORDER APPROVING *PRO AMI* SETTLEMENT**
_____

This matter, having been brought to the attention of the Court on a proposed *pro ami* settlement of the claims of DR, by and through her father and next friend, Fredrigo Rodriguez, and NG, by and through his mother and next friend, Rida Nennis, against Defendants Outwest Express, LLC ("Outwest") and Randy Null ("Null," collectively "Defendants"),[1] and this Court having the benefit of the testimony of DR and NG's parents and next friends and having had the opportunity to observe DR and NG as well as considering certain stipulations of fact, hereby enters the following order:

1.  The parties are represented before this Court by their attorneys of record. The Court expressly finds that Fredrigo Rodriguez and Rida Nennis, as the parents and next

---

[1] This Court directs the Clerk of the Court to correct the docket to reflect the proper spelling of the parents' names: Fredrigo Rodriguez and Rida Nennis.

1

friends of DR and NG, are the proper parties to prosecute any claims that DR and NG may have as a result of the injuries sustained on or about July 22, 2021.

2.    DR and NG's claims arise from a motor vehicle accident on July 22, 2021, involving a tractor-trailer driven by Defendant Randy Null.

3.    DR is under the age of 19 years and was reportedly injured in the accident on July 22, 2021. DR reportedly suffered minor burns as a result of the accident at issue. Her burns have healed. DR was treated at the Hospital four days after the accident for pain in her right shoulder and the right side of her neck, for which she was discharged for home treatment. She suffers occasional headaches, which she attributes to this accident. She also experiences anxiety around tractor-trailers. DR is not expected to receive medical treatment in the future.

4.    Fredrigo Rodriguez, DR's legal guardian, has incurred and sustained medical bills for the treatment of DR.

5.    NG is under the age of 19 years and was reportedly injured in an accident on July 22, 2021. NG reportedly suffered minor burns as a result of the accident at issue. His burns have healed. NG was treated at the Hospital four days after the accident for shoulder pain and minor burns to his feet, for which he was discharged to home treatment. He still suffers occasional pain in his arm and his leg, which he attributes to the accident. He also experiences anxiety around tractor-trailers. NG is not expected to receive medical treatment in the future.

6.    Rida Nennis, NG's legal guardian, has incurred and sustained medical bills for the treatment of NG.

7. The Court has been informed that the proposed settlement agreements were prompted after settlement discussions between the Parties. The Parties reached the settlement agreement below.

    a. The terms of the settlement include a "lump sum" payment of **$50,000** to DR.

    b. Of this amount, **$20,000** shall be paid to Morgan and Morgan Birmingham PLLC, for attorneys' fees subject to Plaintiffs' contract;

    c. Of this amount, **$1,128.25** shall be paid to satisfy all monies owed to Providence Hospital;

    d. Of this amount, **$390.46** is to be paid directly to Morgan and Morgan Birmingham PLLC for expenses;

    e. The remaining **$28,481.29** is to be paid to the United States District Court for the Middle District of Alabama to be held in trust in an interest-bearing account on behalf of DR until she reaches the age of majority.

    f. The terms of the settlement include a "lump sum" payment of **$50,000** to NG.

    g. Of this amount, **$20,000** shall be paid to Morgan and Morgan Birmingham PLLC for attorneys' fees subject to Plaintiffs' contract;

    h. Of this amount, **$362.17** shall be paid to satisfy all monies owed to Providence Hospital;

    i. Of this amount, **$381.63** is to be paid directly to Morgan and Morgan Birmingham PLLC for expenses;

      j.      The remaining **$29,256.20** is to be paid to the United States District Court for the Middle District of Alabama to be held in trust in an interest-bearing account on behalf of NG until he reaches the age of majority.

8.      In exchange for this payment, Fredrigo Rodriguez, individually and on behalf of DR, releases Outwest and Null from all claims or potential claims that Fredrigo Rodriguez, individually and on behalf of DR, has, may have, or may have had, arising from or related to the Accident, and this action will be dismissed with prejudice. Defendants and their insurers are hereby released from any and all liability and/or potential liability, whether in tort, contract, equity, or otherwise, including, but not limited to, derivative claims and suits, relating in any way to the Accident which occurred on or about July 22, 2021, in which DR, was injured.

      a.      Fredrigo Rodriguez, individually and on behalf of DR, represents and agrees that there have been no other claims or liens asserted by any person or entity and that there does not exist any outstanding or unpaid hospital or medical bills or claims or liens for the same. Specifically, Fredrigo Rodriguez, individually and on behalf of DR, represents and agrees that no other claims or liens, including subrogation claims, have been made or filed with respect to any other hospital or medical bills incurred as a result of personal injuries involved in their case, or, in the event there are other unpaid medical bills and/or claims of liens, including subrogation claims, which have been made or filed, Fredrigo Rodriguez, individually and on behalf of DR, agrees to satisfy the same from the settlement proceeds herein, prior to the same being distributed to the parties, and agrees to hold harmless, defend and indemnify those released herein from any such claims.

9. This Court has appointed Brandon Price-Crum as Guardian Ad Litem for DR. The Guardian Ad Litem spoke with Fredrigo Rodriguez by the phone and reviewed all of the relevant medical records pertaining to the care and treatment of DR. Based on Price-Crum's representation, he is satisfied that the settlement is in DR's best interests.

10. The Court has conducted a thorough hearing to familiarize itself with the facts and circumstances of DR and Fredrigo Rodriguez's claims. The Court has met and observed DR, who is fully cognizant of the nature and severity of her injuries.

11. The Court is also aware, however, of the questions as to whether Defendants are liable for DR's injuries.

12. The Court has reviewed these matters with Fredrigo Rodriguez, as parent and next friend of DR, and is satisfied that he understands these matters and understands and approves the proposed settlement agreement.

13. The Court understands that the settlement on behalf of DR is a "lump sum" payment. The Court believes such a settlement will best ensure the future security and well-being of DR and specifically approves the form of such a settlement.

14. Based on the foregoing considerations, the Court is of the considered opinion that the settlement of DR and Fredrigo Rodriguez's personal injury claims against Defendants are clearly in DR's best interests and should be approved.

15. In exchange for the payment listed above, Rida Nennis, individually and on behalf of NG, releases Outwest and Null from all claims or potential claims that Rida Nennis, individually and on behalf of NG, has, may have, or may have had, arising from or related to the Accident, and this action will be dismissed with prejudice. Defendants and

their insurers are hereby released from any and all liability and/or potential liability, whether in tort, contract, equity, or otherwise, including, but not limited to, derivative claims and suits, relating in any way to the Accident which occurred on or about July 22, 2021, in which NG, was injured.

      a.      Rida Nennis, individually and on behalf of NG, represents and agrees that there have been no other claims or liens asserted by any person or entity and that there does not exist any outstanding or unpaid hospital or medical bills or claims or liens for the same. Specifically, Rida Nennis, individually and on behalf of NG, represents and agrees that no other claims or liens, including subrogation claims, have been made or filed with respect to any other hospital or medical bills incurred as a result of personal injuries involved in their case, or, in the event there are other unpaid medical bills and/or claims of liens, including subrogation claims, which have been made or filed, Rida Nennis, individually and on behalf of NG, agrees to satisfy the same from the settlement proceeds herein, prior to the same being distributed to the parties, and agrees to hold harmless, defend and indemnify those released herein from any such claims.

16.    This Court has appointed Charles James, II as Guardian Ad Litem for NG. The Guardian Ad Litem spoke with Rida Nennis by phone and reviewed all of the relevant medical records pertaining to the care and treatment of NG. Based on Charles James's representation, he is satisfied that the settlement is in NG's best interests.

17.    The Court has conducted a thorough hearing to familiarize itself with the facts and circumstances of NG and Rida Nennis's claims. The Court has met and observed NG, who is fully cognizant of the nature and severity of his injuries.

18. The Court is also aware, however, of the questions as to whether Defendants are liable for NG's injuries.

19. The Court has reviewed these matters with Rida Nennis, as parent and next friend of NG, and is satisfied that she understands these matters and understands and approves the proposed settlement agreement.

20. The Court understands that the settlement on behalf of NG is a "lump sum" payment. The Court believes such a settlement will best ensure the future security and well-being of NG and specifically approves the form of such a settlement.

21. Based on the foregoing considerations, the Court is of the considered opinion that the settlement of NG and Rida Nennis's personal injury claims against Defendants is clearly in NG's best interests and should be approved.

22. The settlements are hereby ratified and approved by the Court. In accordance with the terms of the proposed settlement agreements, reached between the aforementioned parties, it is hereby ORDERED, ADJUDGED, and DECREED:

23. The Defendants shall be obligated to pay to or on behalf of, in accordance with the terms of this Order.

24. The settlement amounts addressed in Paragraph 7, will be paid within fourteen (14) days of this Order. Accordingly, the settlements checks will be dispersed as follows:

    a. One settlement check of **$50,000.00** to be payable to "Morgan and Morgan Birmingham PLLC f/b/o Fredrigo Rodriguez", out of which Plaintiff's Counsel will pay the medical liens, legal expenses and attorneys' fees of **$21,518.71** for DR listed

7

in paragraph 7;

      b.     The remaining **$28,481.29** is to be paid by Plaintiff's Counsel to the United States District Court for the Middle District of Alabama to be held in trust in an interest-bearing account on behalf of DR until she reaches the age of majority.

      c.     A second settlement check of **$50,000.00** to be payable to "Morgan and Morgan Birmingham PLLC f/b/o Rida Nennis", out of which Plaintiff's Counsel will pay the medical liens, legal expenses and attorneys' fees of **$20,743.80** for NG listed in paragraph 7;

      d.     The remaining **$29,256.20** is to be paid by Plaintiff's Counsel to the United States District Court for the Middle District of Alabama to be held in trust in an interest-bearing account on behalf of NG until he reaches the age of majority.

      e.     The Court awards a fee to Brandon Price-Crum, DR's Guardian Ad Litem, in the amount of **$2,500**. This fee is to be paid by Defendants directly to Brandon Price-Crum.

      f.     The Court awards a fee to Charles James, II, NG's Guardian Ad Litem, in the amount of **$2,500**. This fee is to be paid by Defendants directly to Charles James, II.

      g.     All Court costs are taxed as paid.

25.     When DR or NG reaches the age of majority under Alabama law, *see* Ala. Code § 26-1-1, he or she may petition the court to disburse his or her funds. The motion should include proof that the claimant has reached the age of majority—*e.g.*, a copy of the claimant's birth certificate, a state-issued license, a U.S. passport, or other form of

government-issued document acknowledging the claimant's date of birth. Further, the movant shall furnish the Clerk of the Court with a duly signed and dated W-9 form. Upon review of a properly supported motion and receipt of the W-9 form, the court will issue an appropriate order directing the Clerk of the Court to (1) disperse the claimant's funds and the share of interest earned to that date, and (2) pay into the U.S. Treasury its share, if any, of the interest earned on the balance to that date.

26.  The Clerk of the Court is DIRECTED to close this case. The Court will retain jurisdiction to effectuate the approved settlement.

DONE this 6th day of November, 2023.

      /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE